Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8145 | **DATE** | 3/5/2002 |
| **CASE TITLE** | LaSalle Business Credit, Inc., vs. Morton M. Lapides | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, LaSalle's motion to dismiss Lapides' complaint is granted in part and denied in part. Count I of counter-plaintiff's claim is legally viable and therefore may stand. Counts II-V of the counterclaim are barred by Illinois law and therefore are dismissed with prejudice. [Doc. #18].

(11) ■ [For further detail see opinion and order attached to original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | Number of notices | |
| | No notices required. | MAR 07 2002 date docketed | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | 45 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | MAR 07 2002 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LaSalle Business Credit, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 01 C 165 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| **Morton Lapides, Sr.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

On December 28, 2000, plaintiff/counter-defendant LaSalle Business Credit, Inc. ("LaSalle") filed a complaint against defendant/counter-plaintiff Morton Lapides, Sr. ("Lapides") seeking to enforce a loan agreement ("Guaranty"). In response, Lapides asserted a counterclaim against LaSalle alleging tortious interference, economic duress, and civil conspiracy.

Presently before this court is counter-defendant LaSalle's motion to dismiss Ladpides' five-count counterclaim for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6) . For the following reasons, the counter-defendant's motion is granted in part and denied in part.

### Standard of Review

Typically, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the defendant will prevail on the merits, but instead whether the defendant has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the defendant's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the

45

court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the defendant Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Analysis

LaSalle argues that Lapides does not have standing to assert personal claims against LaSalle as an alleged tortfearsor of VRC. This court agrees, with exception.

Under general principles of corporate law, a stockholder of a corporation has no personal or individual right of action against third persons for damages that result indirectly to the stockholder because of an injury to the corporation. 12B W. FLETCHER, ENCYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 5911 (rev. perm. ed. 1984); Twohy v. First Nat. Bank of Chicago, 758 F.2d 1185, 1194 (7th Cir. 1985); Poliquin v. Sapp, 72 Ill.App.3d 477, 480, 28 Ill.Dec. 615, 390 N.E.2d 974 (4th Dist.1979). Certain "often overlapping" exceptions to the general rule have been recognized such as where a special contractual duty exists between the wrongdoer and shareholder or where the shareholder suffers an injury separate and distinct from that suffered by other shareholders. See Twohy, 758 F.2d at 1194; Zokoych v. Spalding, 36 Ill.App.3d 654, 344 N.E.2d 805 (1st Dist.1976). In Illinois, a suit brought by a stockholder upon a personal claim is distinguishable from a proceeding to recover damages or other relief for the corporation. Duncan v. National Tea Co., 14 Ill.App.2d 280, 144 N.E.2d 771 (1957). Not every allegation of wrongdoing is a pure charge of individual injury, but a court must preliminarily

determine if the 'gravamen' of the pleadings states injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole. Zokoych, 344 N.E.2d at 633.

In this case, Count I of the counter-plaintiff's complaint seeks to remedy an alleged injury to the counter-plaintiff as an individual and therefore falls under the exception to the general rule; Counts II - V, however, seek to remedy a harm to VRC and consequently, are barred.

Count I of the counter-plaintiff's complaint seeks a judgment against LaSalle for tortious interference with a loan from Lapides to VR Holdings, Inc. ("VRH") and Valley Rivet Company ("VRC") ("Lapides Loan"). Lapides' prayer for relief includes the value fo his of his personal loan ($800,000) as well as punitive damages ($1,000,000). Given that Lapides in Count I is seeking to redress a harm done to him directly as opposed to a harm done to him derivatively through a loss in value of the VRC's stock or VRC itself, his claim is cognizable under Illinois law.

Counts II-V of the counter-plaintiff's complaint seek relief either on behalf of VRH or VRC or seek relief to amend damage done to VRC or VRH. Lapides, as a shareholder, is unable to bring a claim against third parties, in this case LaSalle, for damage done to a corporation in Illinois. Consequently, the claims are barred and dismissed with prejudice.

## Conclusion

For the foregoing reasons, LaSalle's motion to dismiss Lapides' complaint is granted in part and denied in part. Count I of counter-plaintiff's claim is legally viable and therefore may stand. Counts II-V of the counterclaim are barred by Illinois law and therefore are dismissed with prejudice.

Enter:

David H. Coar

United States District Judge

Dated: MAR 5 - 2002